UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ocala Division

CASE NO.: 5:24-cv-546

ABIGAIL CARILUS,

      Plaintiff,

vs.

UNITED WHOLESALE MORTGAGE, LLC,

      Defendant.

_____/

## COMPLAINT

Plaintiff, ABIGAIL CARILUS, by and through her undersigned counsel, brings this action against the Defendant, UNITED WHOLESALE MORTGAGE, LLC ("UWM"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by consumers for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA"), and its implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under

Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Section 1024.35 and Section 1024.36 of Regulation X.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Venue in this District is proper because the property (the "subject property") is located in Lake County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7. At all times material hereto, the Defendant was and is a Michigan limited liability Company corporation duly licensed to transact business in the State of Florida.

8. At all times material hereto, Plaintiff owned and continues to own the subject property, which is in Lake County, Florida with an address of 1764 Strathmore Circle, Mount Dora, FL 35757.

9. At some point in time prior to the violations alleged herein, the Defendant was hired to service a loan on the subject property.

10. At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

11. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number XXXXXX0574.

## BACKGROUND AND GENERAL ALLEGATIONS

12. Plaintiff was issued a loan secured by her home for what was intended to be her primary residence. She executed a promissory note and mortgage, and it is this loan that is now being serviced by the Defendant.

13. Shortly after the closing of the loan, Plaintiff started receiving threatening communication from Defendant that she was in default of the mortgage for having provided misleading information on her loan application.

14. Plaintiff categorically denies these allegations.

15. Not taking this lightly, Plaintiff hired counsel to reach out to Defendant and get to the bottom of this situation.

### I. The Initial Request for Information and Notice of Error

16. In furtherance of the efforts to assist Plaintiff, her counsel sent a Request for Information (RFI) and Notice of Error (NOE) to Defendant on or about May 24, 2024. A copy of the RFI and NOE are attached as Exhibit "A" to this complaint.

17. Plaintiff will not detail every request in the RFI and NOE in the body of this complaint but incorporates Exhibit "A" into the complaint.

18. The requests were designed to assist Plaintiff's counsel in advising what happened with the loan and why Defendant believed there was an event of default on the loan.

19. The NOE portion specifically raised the error that Defendant was improperly declaring the loan to be in default and assessing default related fees and charges to the loan.

20. The RFI specifically sought information directly related to the alleged error.

### II. UWM fails to respond to the RFI and NOE

21. Defendant received the RFI and NOE on or about May 28, 2024, to the address designated by Defendant to receive such correspondence.

22. Despite receiving the RFI and NOE, Defendant failed to acknowledge receipt of the same and did not provide any response as required by law.

### III.   Notice and Opportunity to Cure

23. Being that Defendant has stonewalled Plaintiff's ability to receive information about her loan, her counsel made one more attempt to secure this information.

24. On or about July 24, 2024, Plaintiff's counsel sent a Notice and Opportunity to Cure to Defendant to give it another opportunity to comply, a copy of said notice is attached as Exhibit "B" to this complaint.

25. On August 6, 2024, Plaintiff's counsel received an email from counsel for Defendant, Greg Rosenthal, requesting an extension of time to respond to the RFI and NOE to August 20, 2024.

26. However, that day has come and gone, and Defendant has still failed to respond.

### IV.   Requirements After SPS Received Plaintiff's Qualified Written Request

27. The Defendant was required to provide a written response to Plaintiff's RFI within thirty business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

28. Further, in response to the NOE, the Defendant was required to either correct the errors or conduct a reasonable investigation and provide the borrower written notification that includes a statement that no error occurred, a statement for that determination, and to provide all supporting documentation within thirty business days. See 12 C.F.R. § 1024.35(e)

29. There is no question that Defendant received the RFI and the NOE in that their counsel requested an extension of time to respond, however, Defendant has yet to provide a response.

30. Exhibit "B" provided the Defendant with an additional opportunity to comply with the law thus granting an extension without a request, however Defendant has still failed to comply.

31. Despite those efforts, the Defendant has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. §1024.36(d)(2)(i)(B) and to the NOE, in contravention to 12 C.F.R. §1024.35(e)(1) as well. Each of these failures is a violation of RESPA.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

32. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 31 against the Defendant.

33. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**

> A servicer of a federally related mortgage shall not--
>
> ****
>
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> ****
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)

34. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696, 10714, FN. 64 (Feb. 14, 2013)*("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

35. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such

reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

36. Defendant's failure to respond to the Request for Information and the Notices of Error are violations of federal Regulation X.

37. Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(B) and 12 C.F.R. §1024.35(e)(1) by not providing any written response to a request for information within the required timeframe and failure to correct or investigate the errors raised in the NOE's.

38. As such, the Defendant has committed multiple violations of 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

39. Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

40. The Plaintiff has been injured in fact and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiff and other consumers like them. The threshold of the Defendant's violations stem from the failure to provide the information requested in the Request for Information, and for failing to investigate, correct and respond to errors.  These injuries are also in the form of postage costs for sending Exhibit "B", emotional distress damages worrying about whether she

will be placed in foreclosure and lose her house, and for wasting time having to consult with an attorney about Defendant's failure to respond.

41.     This situation has caused Plaintiff extreme stress from worrying about the allegations made by Defendant.

42.     Every day that goes by without a response is another day of stress caused by having to live with uncertainty and the notion of being at the mercy of multibillion-dollar corporation.

43.     That stress cannot be relieved until Defendant properly responds so that Plaintiff and her counsel can fairly evaluate the claims made by Defendant.

44.     In addition, Plaintiff seeks nominal damages for violation of her rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

45.     Therefore, Plaintiff's injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual.

46.     Plaintiff is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's notice and opportunity to cure (Exhibit "B")  and (2) emotional distress worrying about whether she will be placed in foreclosure, for wasting time having to consult with an attorney about Defendant's

failure to respond,. See <u>Martinez v. Shellpoint Mortg. Servicing</u>, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); <u>Porciello v. Bank of America, N.A.</u>, 2015 WL 899942 (M.D. Fla. 2015)(same); <u>Bryan v. Fed. Nat'l Mortg. Ass'n</u>, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).  Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing her property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiff's concerns relating to her loan. See <u>Bryan v. Fed. Nat'l Mortg. Ass'n</u>, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

47.     Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, ABIGAIL CARILUS, respectfully asks this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiff's request for information with detail and specificity;

(b) That the Defendant conducts a reasonable investigation and corrects any errors or otherwise comply with 12 C.F.R. Section 1024.35;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ABIGAIL CARILUS, hereby demands a trial by jury of all issues so triable.

Dated: October 7, 2024        Respectfully Submitted,

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

*Attorney for Plaintiff*

*/s/ Jessica Krassner*
Jessica Krassner, Esq., LL.M.
FL Bar No.: 1000355
E-mail: jessica@fight13.com
Loan Lawyers, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436

*Attorney for Plaintiff*