UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Ocala Division

CASE NO.: 5:24-cv-00546-JA-PRL

ABIGAIL CARILUS,

        **Plaintiff,**

vs.

UNITED WHOLESALE
MORTGAGE, LLC,

        **Defendant.**

_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff ABIGAIL CARILUS, by and through her undersigned counsel, and respectfully moves this Honorable Court for summary judgment in her favor against Defendant UNITED WHOLESALE MORTGAGE, LLC, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for Defendant's violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"), and its implementing regulations, specifically, Section 2605(k) of RESPA, Sections 1024.35 and 1024.36 of Regulation X, and in support thereof states as follows:

### STATEMENT OF UNDISPUTED FACTS

1. Plaintiff ABIGAIL CARILUS was issued a loan secured by her home, intended to be her primary residence, and executed a promissory note and mortgage in connection with the loan.

2. Shortly after the loan's closing, Ms. Carilus began receiving communication from Defendant alleging that she was in default due to alleged misleading information on her loan application.

3. Ms. Carilus categorically denies these allegations.

4. On May 24, 2024, Ms. Carilus' counsel sent a Request for Information (RFI) and Notice of Error (NOE) to Defendant, seeking to clarify the default status of the loan and address the error in the default declaration. A copy of the RFI and NOE are attached as Exhibit "A."

5. Defendant received the RFI and NOE on May 28, 2024, but failed to acknowledge or respond within the statutory timeframe required by RESPA and Regulation X.

6. On July 24, 2024, since the aforementioned acknowledgement and response was not received, Ms. Carilus' counsel sent a Notice and Opportunity to Cure to Defendant requesting compliance.

7. On August 6, 2024, Ms. Carilus' counsel received a letter from United Wholesale Mortgage, LLC purporting to be a response to a validation of debt request.

8. Defendant's letter received on August 6, 2024 was not a valid written response as required by RESPA and Regulation X as it did not provide a response to the issues addressed in the RFI/NOE.

9. Additionally, on August 6, 2024, Ms. Carilus' counsel received an email from counsel for Defendant, Greg Rosenthal, requesting an extension of time

to respond to the RFI and NOE by August 20, 2024. However, Defendant failed to respond by the requested extension time.

10. Ms. Carilus' RFI included the following:

1. A copy of all correspondence, including but not limited to, letters, emails, text messages and all other forms of communication, to and from the borrower since loan inception.

2. Do you believe that our client has violated any term of the mortgage? If so, please state which precise provision you feel that our client has violated and state all facts known to you that support your conclusion.

3. Has ownership or servicing of this loan transferred since loan inception? If so, please list the name of each company that has owned or serviced this loan since inception and the date of each transfer.

4. Has our client made all payments that have come due under the loan?

5. Has our client been in payments default under the terms of the loan since inception? If so, please state the date the missed payment was due and whether that payment default was cured.

6. Please provide a life of loan transaction history.

7. Please list all fees and charges assessed to the loan since inception.

8. For each fee and charge that has been assessed, please provide a copy of the supporting invoice.

11. Ms. Carilus' NOE included the following:

### NOTICE OF ERROR

United Wholesale Mortgage has been threatening our client with foreclosure and a lawsuit for allegedly misrepresenting facts on her mortgage application. This is categorically denied and making these unfounded threats is a servicing error that must be corrected. Further, you may be assessing legal fees and costs to this loan as well. There is no reasonable basis for this, as such, we deem this to be a servicing error as well.

12. Defendant's validation of debt response stated:

> We are in receipt of your request to validate the debt related to the above-referenced loan ("the Loan"), which is dated July 24, 2024, and was received in our office on August 2, 2024.
>
> The Loan was originated by United Wholesale Mortgage, LLC and is currently owned by United Wholesale Mortgage, located at 585 S Blvd E., Pontiac, MI 48341, telephone number 800-981-8898. United Wholesale Mortgage, LLC, located at 585 S Blvd E., Pontiac, MI 48341, telephone number 800-981-8898, is the servicer of the Loan. Cenlar FSB dba Central Loan Administration & Reporting ("Cenlar") subservices the Loan on behalf of United Wholesale Mortgage, LLC.
>
> The Loan is registered with MERS®, an electronic registry of mortgages. For loans registered with MERS®, assignments of mortgage are not recorded in county records but are reflected within MERS®. We include printout(s) showing the Mortgage Identification Number ("MIN") associated with the Loan, which list United Wholesale Mortgage, LLC as the investor, and   as the servicer.
>
> The loan is now due for the August 2024 installment for $3,233.26. An owner letter was sent in a separate cover.
>
> Enclosed are copies of the Note and Deed of Trust that the borrower signed at closing and a Loan History showing the activity on the account.
>
> Should you have any questions regarding this matter, please contact me at 866-677-8807.

13. Defendant failed to respond to Ms. Carilus' NOE.

14. Defendant failed to respond to Ms. Carilus' RFI and address the eight issues raised in the Request for Information.

15. As of date of the filing of this Motion, Defendant has not responded to Ms. Carilus' RFI or NOE in violation of RESPA and Regulation X.

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., 56(a). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving

party to come forward with specific facts showing that there is a genuine issue for trial." *International Stamp Art. V. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006). Accordingly, a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).

"If the non-moving party fails to make a sufficient showing as to any essential element of his case on which he has the burden of proof, the moving party is entitled to summary judgment as a matter of law. Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Bradley v. Pfizer, Inc.*, 440 Fed. Appx. 805, 807 (11th Cir. 2011) (internal citations omitted). Further, a dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50.

Additionally, "[t]here is no express or implied requirement that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rather, "the burden on the moving party may be discharged by 'showing' that there is an

absence of evidence to support the nonmoving party's case." *Id* at 325. The Eleventh Circuit Court has incorporated Justice White's concurring opinion in *Celotex* to further illustrate what is required by a moving party to show that the nonmoving party cannot prevail in a summary judgment:

> Justice Rehnquist's opinion in *Celotex* does not explain exactly how the moving party may show the court that the nonmoving party will be unable to prove its case. See *Nelkin, One Step Forward, Two Steps Back: Summary Judgment after* Celotex, 40 Hastings L.J. 53, 54, 63, 65-66 (1988). In this circuit, "[e]ven after Celotex, it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Clark v. Coats Clark, Inc.*,929 F.2d 604 (11th Cir. 1991); see also Celotex,477 U.S. at 328, 106 S. Ct. at 2555 (White, J., concurring) ("it is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case"); *see also id.* at 332, 106 S. Ct. at 2557 (Brennan, J., dissenting). Instead, the moving party must point to specific portions of the record in order to demonstrate that the nonmoving party cannot meet its burden of proof at trial. *Id.* at 325, 106 S. Ct. at 2553 ("a party seeking summary judgment always bears the initial responsibility…of identifying those portions of the materials on file which demonstrate the absence of a genuine issue of material fact."

*United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 n.19 (11th Cir. 1991) (emphasis added).

### **ARGUMENT AND INCORPORATED MEMORANDUM OF LAW**

### **A. Defendant's Violation of 12 U.S.C. § 2605(k) and Regulation X**

"RESPA is a consumer protection statute that imposes a duty on servicers of mortgage loans to acknowledge and respond to inquiries from borrowers." *Bivens v. Bank of Am., N.A.*, 868 F.3d 915 (11th Cir. 2017) RESPA requires servicers to comply with the obligations specified in 12 U.S.C. § 2605 as well as any regulations

issued to carry out the statute's purposes. See 12 U.S.C. § 2605(k)(1). A servicer's failure to comply with RESPA or its implementing regulations gives rise to a private cause of action. *See Id.* § 2605(f).

The Defendant was required to provide a written response to Plaintiff's RFI within thirty business days, with the requested information included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." *See* 12 C.F.R. § 1024.36(d). Further, in response to the NOE, the Defendant was required to either correct the errors or conduct a reasonable investigation and provide the borrower with written notification that includes a statement that no error occurred, a statement for that determination, and to provide all supporting documentation within thirty business days. *See* 12 C.F.R. § 1024.35(e). There is no question that Defendant received the NOE and the RFI in that their counsel requested an extension of time to respond, however, Defendant has yet to provide a response. *See* Exhibit "B".

### B. Defendant's Failure to Respond

Defendant received the RFI and NOE on May 28, 2024 and was required to respond within thirty business days. Despite the Plaintiff's attempts to resolve the matter through counsel's Notice and Opportunity to Cure on July 24, 2024, Defendant has failed to respond to the RFI and NOE within the required timeframes.

Defendant's failure to respond to the Request for Information and Notices of Error are violations of federal Regulation X. Defendant has also failed to or refused

to comply with 12 C.F.R. § 1024.36(d)(2)(i)(B) and 12 C.F.R. §1024.35(e)(1) by not providing any written response to a request for information within the required timeframe and failure to correct or investigate the errors raised in the NOE's.

The Real Estate Settlement Procedures Act, 12 U.S.C. §2601 et seq. is a consumer protection statute that must be construed liberally in order to best serve Congress' intent. *McLean v. GMAC Mortg. Corp.*, 398 F. App'x. 467, 471 (11th Cir. 2010); *Correa v. BAC Home Loans Servicing, LP*, 853 F.Supp.2d 1203, 1207 (M.D. Fla. 2012) ("RESPA is a consumer protection statute that … plac[es] requirements on entities or persons responsible for servicing federally related mortgage loans"). RESPA's implementing regulation 12 C.F.R. part 1024 (Regulation X) places an onus on the bank to act with "reasonable diligence" and good faith, and to respond and clarify by a certain specified time, and provides for damages from the recalcitrant conduct of the bank that Congress intended to punish. 12 U.S.C. §2605(e); 124 Stat. 1376, 2184; Pub. L. 111-203 §1463(c)(2) and (3); 12 C.F.R. §1024 et seq.

Regulation X's new "mandates" have an effective date of January 10, 2014 because it was designed "to strike a balance between the needs of both servicers and borrowers" and "ensure that consumers receive the protections in these rules [and servicers to have] sufficient time to implement the more complex or resource-intensive new requirements." *Lage v. Ocwen Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 156658 at 22-23, 26-27 (S.D. Fla. Nov. 18, 2015); *Renfroe v. Nationstar Mortgage, LLC*, 15-10582, slip op. at 6 (11th Cir. May 12, 2016) (new CFPB

regulations "clarified servicer's obligations," which includes a duty "to reasonably respond" to borrowers, by "fixing [] error[s], crediting the borrower's account, and notifying the borrower; or by concluding that there is no error based on an investigation and then explaining that conclusion in writing"); *Wilson v. Bank of Am., N.A.*, 48 F. Supp. 3d 787, 803-04 (E.D. Pa. 2014) (explaining that RESPA, pre-Regulation X, merely required a statement of a "procedural" explanation from servicer, but the new regulation "altered the landscape" and now "imposes a substantive duty" upon servicers to both "reasonably investigate" and make necessary corrections and be "thorough").

What Regulation X now expects from servicers just did not occur here. Defendant failed to respond at all to Plaintiff's NOE and RFI so that her counsel could assess whether the borrower had any remedies available to her.

RESPA, being a "consumer protection statute," anticipates that "borrowers who are struggling to communicate effectively with servicers should be able to seek help or intervention from [agents and] … preventing these [authorized agents] from being "agents" as defined by RESPA would impede RESPA's underlying purpose." *Bennett v. Bank of America, N.A.*, 2015 U.S. Dist. LEXIS 113948 at 11-12 (E.D. Ky. Aug. 26, 2015) (Congress intended section 2605 to have "a broader meaning of the word 'agent,' [consonant with RESPA's goals] to protect the rights and interests of homeowners"). And that is exactly what Plaintiff did here in issuing NOE and RFI through its agent law firm Loan Lawyers.

### C. Violation of Private Right of Action under RESPA

Section 6 of RESPA provides a private right of action for borrowers who are harmed by a servicer's failure to comply with the requirements of Regulation X. Defendant's failure to provide the required written responses to Plaintiff's RFI and NOE constitutes a violation of federal law for which Plaintiff is entitled to remedies under RESPA.

Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>
> A servicer of a federally related mortgage shall not—
>
> \*\*\*\*
>
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>
> \*\*\*\*
>
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

*12 U.S.C. § 2605(k)*

Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg.* 10696, 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a

private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." *12 U.S.C. § 2617*.

Defendant's failure to respond to the Request for Information and the Notices of Error are violations of federal Regulation X. Defendant has also failed to or refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(B) and 12 C.F.R. §1024.35(e)(1) by not providing any written response to a request for information within the required timeframe and failure to correct or investigate the errors raised in the NOE's. As such, the Defendant has committed multiple violations of 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

Wherefore, Plaintiff respectfully requests that this Court enter a Final Summary Judgment regarding liability for not complying with of 12 U.S.C. § 2605(k)(1)(E) and the implementing regulations found at Regulation X.

### D. Plaintiff Has Standing and Is Entitled to Damages

The Plaintiff has been injured in fact and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiff and other consumers like them. The threshold

of the Defendant's violations stem from the failure to provide the information requested in the Request for Information, and for failing to investigate, correct and respond to errors. These injuries are also in the form of postage costs for sending Exhibit "C", for wasting time having to consult with an attorney about Defendant's failure to respond. Plaintiff seeks nominal damages for violation of her rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

Plaintiff is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's notice and opportunity to cure (Exhibit "C") and Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

### E. Plaintiff is Entitled to Final Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In this case, the undisputed facts show that Defendant failed to comply with the requirements of RESPA and Regulation X by not providing a response to Plaintiff's RFI and NOE. As such, Plaintiff is entitled to summary judgment as a matter of law on the claims set forth in the Complaint.

### F. Plaintiff is Entitled to Partial Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In this case, the undisputed facts show that Defendant failed to comply with the requirements of RESPA and Regulation X by not providing a response to Plaintiff's RFI and NOE and is entitled to damages. As such, Plaintiff is entitled to partial summary judgment as a matter of law on the damages including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's notice and opportunity to cure and Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3). Plaintiff reserves on the issue of damages regarding emotional distress.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant her Motion for Summary Judgment, finding that Defendant has violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(k), and the implementing regulations found in Regulation X, 12 C.F.R. §§ 1024.35 and 1024.36, and award Plaintiff the statutory and actual damages to which she is entitled to under RESPA.

Additionally, Plaintiff requests that the Court order Defendant to pay the costs of this action, including Plaintiff's reasonable attorneys' fees, as provided for under RESPA.

**WHEREFORE**, Plaintiff moves the Court for the entry of an Order: (1) granting this Motion for Final Summary Judgment against United Wholesale Mortgage regarding liability; (2) granting Partial Summary Judgment against United Wholesale Mortgage regarding damages, including interest, attorney's fees and costs, as set forth above, and award such other and further relief as the Court deems just and proper.

Dated: April 15, 2025

Respectfully submitted,

 /s/ Premlata Sanchez
Premlata Sanchez, Esq.
Florida Bar No. 51509
3201 Griffin Road, Suite 100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
E-mail: premlata@fight13.com
Secondary E-mail: nicole@fight13.com

*Counsel for Plaintiff*

/s/ Matthew D. Bavaro
Matthew D. Bavaro, Esq.
FL Bar No: 175821
Loan Lawyers, LLC
3201 Griffin Road, Suite 100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436
E-mail: matthew@fight13.com
Secondary E-mail: nicole@fight13.com

*Counsel for Plaintiff*

*/s/ Jessica Krassner*
Jessica Krassner, Esq., LL.M.
FL Bar No.: 1000355
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 337-2436
Primary: jessica@fight13.com
Secondary E-mail: nicole@fight13.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 15, 2025, a true and correct copy of the foregoing Plaintiff's Motion for Summary Judgment was served on Defendant's counsel via the Court's electronic filing system.

*/s/ Premlata Sanchez*
Premlata Sanchez, Esq.
Florida Bar No. 51509
3201 Griffin Road, Suite 100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
Primary: premlata@fight13.com
Secondary E-mail: nicole@fight13.com